(82 South. 394)

No. 23331.

BLOCK v. HIRSCH et al.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

1. CONTRACTS ☞258—LESION—RESCISSION.

·The action for rescission or nullity of contracts for lesion is founded upon implied error or imposition, and differs from an action of nullity or rescission of agreements founded on violence, error, or deception.

2. SALES ☞19, 20—LESION.

Where the thing sold or transferred is different from the thing intended to be sold or transferred, or is in fact a thing never sold or transferred, lesion does not apply.

3. DESCENT AND DISTRIBUTION ☞86—SUCCESSION—LESION—APPLICATION OF RULE.

In suit for nullity and rescission of plaintiff's contract, whereby he transferred to his father all his title and interest in and to his mother's succession because made in error through father's inducement, concealment, deception, and misrepresentation as to what the succession consisted of, inducing plaintiff to believe that there ·was no land other than town lots and because he did not sell his interest in the land, the law as to lesion did not apply.

4. DESCENT AND DISTRIBUTION ☞86—SUCCESSION—LESION—SUIT FOR NULLITY OF ASSIGNMENT BY HEIR—EVIDENCE.

In proceeding for nullity and rescission of plaintiff's contract in 1884, whereby he transferred to his father all his title and interest in and to his mother's succession on ground that contract was made through father's inducement, concealment, and misrepresentation that succession included no lands other than town lots, brought against father's executors, evidence *held* not to show the alleged misrepresentation.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Proceeding by Lazu Block against Theophileld Hirsch and Albery Mayer, executors of the succession of Herman Block, and others, for the nullity and rescission of an agreement. Judgment for defendants, and. plaintiff appeals. Affirmed.

Caffery, Quintero & Brumby, of Franklin, and Robert H. Marr, of New Orleans, for appellant.

Titche & Rogers, of New Orleans, for appellees.

SOMMERVILLE, J. Plaintiff, a man of 28 years of age at the time, entered into a contract with his father, Herman Block, whereby he transferred all of his right, title, and interest in and to the succession of his mother, Mrs. Theresa Block, for $1,000, on August 15, 1884. This proceeding, filed March 1, 1917, for the nullity and rescission of that agreement, is brought against the executors of his father's succession. He alleges that the contract made with his father in the year 1884 was "made in error through the inducement, concealment, deception and misrepresentation of" his father, who represented to him that the succession of the mother consisted, at the time of her death, of a "half interest in some town lots and some personal property situated in the parish of Franklin." Plaintiff further alleged that his interest in the succession of his mother was of greater value than $1,000, and that he sold same in error and ignorance of the facts at the time of selling it; which facts were that his mother had an interest in $7,300 of personal property and 15,000 acres of land in Franklin parish, of which plaintiff was entitled to receive one-fourth; and, in truth, that petitioner's interest was worth, at the time, about $76,825. Plaintiff also alleged that he only became aware of the value of his mother's estate upon the probate of the will of his deceased father, March 10,

1916; which will contained the statement that he (the father) had at the time of his marriage to his second wife the above-mentioned personal property and real estate.

Defendants pleaded an exception of no cause of action; and the prescription of 1; 4, 5, 10, and 30 years, and then answered. The exception and pleas of prescription were referred to the trial of the case on the merits, and were then overruled. There was judgment in favor of defendants dismissing plaintiff's demand, and he has appealed. Defendants have answered the appeal and ask that their exception and pleas of prescription be maintained.

[1-3] The exception of no cause of action appears to have been based upon the theory that this suit was a suit for rescission of a contract for lesion beyond moiety, and that it could not be sustained. The action for rescission or nullity of contracts for lesion is founded upon implied error or imposition, and is somewhat different from an action of nullity or rescission of agreements founded on violence, error, or deception. Where the thing sold or transferred is different from the thing intended to be sold or transferred, or is in fact a thing never sold or transferred, lesion does not apply. This suit is based upon alleged inducements, misrepresentation, and concealment on the part of the deceased father of what the succession of the mother consisted. In other words, that plaintiff did not know that he was selling any land which he had inherited from his mother except some town lots; that he was induced to believe that his mother owned no lands; and that he had not designated an interest in lands as the thing sold in the contract with his father; and that he did not sell his interest in those lands. The law with reference to lesion does not apply here. The exception of no cause of action was properly overruled.

The suit is brought under the provisions of article 2221, C. C., which reads:

"In all cases, in which the action of nullity or of rescission of an agreement is not limited to a shorter period by a particular law, that action may be brought within ten years.

"That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered, and for acts executed by married women not authorized, from the day of the dissolution of the marriage or of the separation," etc.

Plaintiff alleges that he only discovered the error he had made, and the deception practiced by his father, after the death of his father on December 18, 1915, and when the will of his father was admitted to probate, March 19, 1916. But the point first to be decided is whether the father perpetrated a fraud upon his son.

[4] This is a stale demand against a dead man; it will receive little consideration. The charges against the deceased father are supported only by the parol testimony of plaintiff charging him with grave violations of common honesty. That testimony is against one whose good character and standing, as shown by the record, was not impeached while living.

The demands of plaintiff are contradicted by written evidence, in part, while they should have been supported by the highest degree of proof, to be sustained.

The allegation of inducements, misrepresentation, and concealments alleged by plaintiff against his deceased father were based upon an incorrect copy of the contract entered into between father and son in the year 1884, and which was before counsel when they prepared the petition in this case. It was developed on the trial that the copy of the contract in the hands of the attorneys for plaintiff was an incorrect copy. And counsel made the following admissions:

"It is admitted in this case, that when the plaintiff, Mr. Lazu Block, took his claim to his counsel, that he had a copy of the contract, produced in evidence, marked copy 'P-D,' which

did not contain the word 'land' that has since been interlined, and this interlineation was made subsequently, when counsel discovered that the original contract contained that word, and when suit was brought, it was brought upon this erroneous copy."

The original contract signed by plaintiff, and copied in the record, states clearly:

"Her succession (the mother's) consisting at the time of her death of her community of interest with my father in some town lots, lands and some personal property, all in the parish of Franklin, La."—which was transferred by the plaintiff to the deceased.

Plaintiff, at that time, in 1884, was a man of mature years, some 28 years of age, married, and in business with his father. He was a man of education, who had been in college; and he testified that he was well acquainted with the business of his father. He was then dwelling in Franklin parish, where his mother had died, and where all the landed property in which she had an interest was situated. The records of the parish were open to him, and he must have had full knowledge of the existence of all the real estate belonging to his mother and recorded in said parish. And when he transferred to his father, in the written act signed by him, "the community of interest (of my mother) with my father in some town lots, lands and some personal property, all in the parish of Franklin, La.," he knowingly transferred his interest in "lands," and he did so without any misrepresentation or concealment by his father of the existence of lands owned by his mother; and his father could not have successfully imposed upon him in the matter.

The testimony of plaintiff to the effect that his father misrepresented the condition of the mother's succession and concealed from him the existence of thousands of acres of lands belonging to her succession cannot and will not be accepted in support of his claim. Plaintiff has failed to sustain the allegations made by him against his deceased father, and his suit must fail.

The judgment appealed from is affirmed, with costs.

O'NIELL, J., concurs in the decree.