MORIAL, Judge.
On November 3, 1972, the plaintiff, Edward G. Pelas filed suit against his former wife, Edna Mae McAnn for rescission of a partition praying that the extra judicial notarial act of partition of community property executed on June 25, 1970 between them be declared null and void. Plaintiff based his contentions on LSA-C. C. Art. 1398 which states:
“They [partitions] may even be rescinded, on account of lesion; and as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth part of the true value of the property.”
Defendant answered the suit denying the plaintiffs allegations of lesion asserting that the authentic act described in the plaintiff’s petition speaks for itself, but failed to set forth any affirmative defense to the plaintiff’s demands.
In the non-judicial partition of community property the plaintiff transferred to Edna Mae McAnn a certain tract of land with all buildings and improvements thereon situated in the Parish of Plaquemines, all the furnishings of the aforementioned residence, and a 1968 4-door Pontiac Executive Hardtop automobile. In consideration, Edna Mae McAnn transferred to Edward G. Pelas a 1970 2-door Chevrolet Malibu Hardtop automobile, and assumed the obligation of the note secured by a mortgage on the conveyed real estate with a balance of $3,600.00.
After several attempts to obtain the defendant’s permission to have an expert examine and appraise all the partitioned property in her possession and control, the plaintiff filed a rule to show cause why the date for such an appraisal should not be fixed by the court. On April 9, 1973, the trial judge ordered the rule made absolute and subsequently in June of 1973, an appraisal was made by C. J. Tessier, Jr., a licensed real estate broker and Chairman of the Louisiana Real Estate Commission. On November 8, 1973, counsel for the plaintiff filed a motion for summary judgment to which Tessier’s sworn appraisal was attached, and a hearing on the motion was set for November 26, 1973.
On November 21, 1974, the attorney for the defendant1 mailed a motion for a continuance to the clerk of the 25th Judicial District Court, Pointe^a-la-Hache, Louisiana, and a letter to the plaintiff’s attorney stating that he had moved for a continuance. The motion was not filed in the record until the Friday after Thanksgiving, November 23, 1973, and was not presented to the district judge until the following Monday at the commencement of the hearing. Since neither counsel for defendant nor his representative was present to argue for a continuance, the judge denied the motion after counsel for the plaintiff stated he received no prior notice of the request for continuance and had traveled for more than two hours to be present at the hearing. The judge then granted the motion for summary judgment declaring the partition null and void and ordering the said property sold at public auction in accordance with law.
The defendant appealed alleging that the granting of the motion was improper be-causp the defendant had been denied a day in court, and further that the affidavits were opinion affidavits and as such the defendant had not had an opportunity to cross examine. Defendant also argues that it was improper for the court to order the property sold at public auction. Defendant’s contentions are without merit.
Although the appellant does not seriously argue that the denial of the continuance was improper, we mention the issue only as it relates to the correctness of entertaining the motion for summary judgment by the trial judge. Under the Code *548 of Civil Procedure, Article 1601, the granting of a continuance can be for good cause shown and is entirely within the discretion of the trial judge. The only peremptory grounds which exists in the Code of Procedure for the granting of a continuance are: (1) the attorney of record is a member of the legislature, and (2) the attorney is unable, after due diligence, to obtain evidence material to his case. LSA-C.C.P. Art. 1602. Furthermore every contested motion for a continuance is to be tried contradictorily with the opposing party. In light of the above mentioned provisions of the Code of Civil Procedure, the district judge certainly did not abuse his discretion in denying the continuance and, therefore, properly proceeded to hear the motion for summary judgment.
The Code of Civil Procedure provides the procedure for summary judgment. Article 966 states:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Article 967 states:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
“If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
“If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.”
The record reveals that the plaintiff in moving for summary judgment complied with every requirement as set forth in the Code of Procedure. In Tessier’s sworn appraisal attached to the motion, he *549 estimated the fair market value (the lower of his valuations) of the real property and improvements to be $14,500.00. He also valued the total furnishings of the house at $780.00. The appraisement of the two automobiles was based solely on the valuation of the Red Book National Market Reports, Inc., May 15 to June 30, 1970. The 1970 Chevrolet was valued at $2,765.00 and the 1968 Pontiac at $2,200.00. Even pre-termitting the question of the value of the furnishings, this uncontroverted appraisement clearly indicated that despite the defendant’s assumption of a $3,600.00 mortgage, the plaintiff had been aggrieved by more than one fourth (*4) of the value of the community property existing between the parties at the time of the partition. Hence, summary judgment was proper. In the alternative, the appellant argued that if the rescission of the partition was correct, the order requiring the judicial partition of the property was incorrect. We do not agree.
The request for a judicial partition was specifically prayed for in the motion for summary judgment, which was served on the defendant’s counsel of record. The defendant presented no opposition to the motion for summary judgment, and the district judge properly granted the relief sought. We construe the judgment “that the said property be sold at public auction and after the advertisements required by law,” to mean a “partition by licitation” in accordance with LSA-C.C.P. Article 4607.
No inconsistency exists in awarding a rescission of a partition, and in ordering a judicial partition. In rescinding the voluntary partition of these parties, it is as though no settlement could be effected. Furthermore, this order in no way affects the rights of the parties to effect another settlement prior to the judicial partition.
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.