MARVIN, Judge.
An exception of res judicata was sustained and the divorced husband’s suit against his former wife to annul a community property settlement was dismissed. He appeals. We reverse and remand.
After the divorce, Mrs. Cole sued for permanent alimony. Mr. Cole defended, and by way of reconvention, sought to annul his deed of the family home to her on grounds that she failed to live up to her alleged agreement that as consideration for the deed, she would waive her claim to future alimony. Judgment was rendered in that suit awarding alimony and rejecting the reconventional demand to annul the deed.
After that judgment became final, Mr. Cole brought suit, alleging that he received nothing from the settlement of the community estate, and that-the “tentative settlement” [of the community] was null because of “lesion beyond moiety.” Mr. Cole prayed for judgment “decreeing the partition . of the community ... a nullity . and ... in particular [that the deed to the family home] be declared null and void.”
The lower court stated that in the first suit the “inadequacy of the consideration [for the “division of community property”] was alleged and that this judge found that there was an adequate consideration . . ” On this basis, the exception of res judicata was sustained (that both suits related to the inadequacy of consideration). Certified copies of portions of the record in the first suit are attached to Mrs. Cole’s pleadings in the second suit, but the record before us does not contain a copy of the community property “tentative settlement” or a copy of the deed, both of which are sought to be annulled.
On appeal, Mr. Cole contends his cause of action in the reconventional demand of the first suit is not the same as the cause of action he alleges in this suit and that res judicata should not apply. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). In Mitchell, the plaintiff first sought to nullify an option in a lease on the grounds of lesion and nonpayment of rent. In the second suit, plaintiff sought nullification on grounds including fraud and misrepresentation in the inducement of the contract. The Supreme Court reviewed and applied the civilian concept of res judicata, holding that each of the vices of consent which vitiate a contract is a separate “cause” under C.C. Art. 2286 *1266 terminology.[1] The court held that fraud and lack of consideration was a separate “cause” from lesion and nonpayment of rent.[2]
In Williamson v. Amilton, 13 La.Ann. 387 (1858), the divorced wife sued her former husband to annul a community property settlement and partition on the ground of lesion. The court held that the settlement and partition was subject to being attacked for lesion (C.C. Arts. 3078, 1398, 1402, 1403). See also Beatty v. Vining, 147 So.2d 37 (La.App. 2d Cir. 1962); C.C. Art. 1861.
Any distinction between this case and Mitchell is tenuous. On the basis of the record before us and in the light of Mitchell, we are compelled to reverse the action of the lower court and remand.
Cost of this appeal is assessed to the appellee. All other costs shall be assessed below. Reversed and remanded.

. C.C. Art. 2286 reads:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”

. It was earlier recognized that the “cause” of nullity for lesion was different from that resulting from fraud or deception. Block v. Hirsch, 145 La. 427, 82 So. 394 (1919).