379 So.2d 816 (1980)
Dennis Darby JOY
v.
Robbie Gannaway JOY.
No. 10576.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Steven F. Griffith, Sr., Steven F. Griffith, and James M. Callow, Destrehan, for plaintiff-appellant.
Becnel & Faucheux, Daniel E. Becnel, Jr., and C. William Bradley, Jr., Reserve, for defendant-appellee.
Before BOUTALL, SCHOTT and HOOD, JJ.
*817 HOOD, Judge.
Dennis Darby Joy seeks to rescind an act of partition entered into between him and defendant, Robbie Gannaway Joy, on grounds of lesion beyond moiety. The trial court rendered judgment sustaining an exception of res judicata filed by defendant and dismissing this suit. Plaintiff appealed. We reverse and remand.
The issue presented is whether a partition agreement voluntarily entered into by the parties constitutes a "transaction or compromise" which has the force or authority of a thing adjudged and precludes plaintiff from maintaining an action to rescind that agreement on grounds of lesion.
Plaintiff and defendant were judicially separated by a judgment rendered on October 24, 1974. Several days later, on November 9, 1974, they voluntarily entered into and executed an agreement which purports to partition the property belonging to the community which formerly existed between them. The agreement is in the form of an authentic act, and it is entitled "Settlement of Community." It recites that the parties "desire to settle and liquidate the community which formerly existed between them," and that they have agreed to settle the same in the manner therein set out.
Plaintiff instituted this suit on July 7, 1978, alleging that due to emotional stress he was not aware of the true value of the property conveyed to defendant, that there was a difference in value of the portions received by each of more than one-fourth to the prejudice of plaintiff, and that the latter is entitled to have the partition agreement rescinded on account of lesion. He prays for judgment rescinding that agreement, directing that the property be sold at public auction and ordering a judicial partition of that property.
Defendant filed an exception of res judicata, an exception of no cause of action and a plea of estoppel. After a hearing, judgment was rendered by the trial court sustaining the exception of res judicata and dismissing plaintiff's suit. Plaintiff appealed from that judgment, and that appeal is before us now.
The exception of res judicata filed by defendant contains allegations to the effect that the matter complained of is not a partition, but rather a settlement, compromise or transaction, that under LSA-C.C. art. 3078 the transaction has a force equal to the authority of things adjudged, and that plaintiff thus is precluded from attacking the partition agreement on account of any error in law or lesion.
Under our law no one can be compelled to hold property with another, and anyone has the right to demand the division of a thing held in common by the action of partition. LSA-C.C. art. 1289. The partition of property may be made either nonjudicially or judicially. It may be voluntary or judicial. LSA-C.C.P. art. 4601; LSA-C.C. art. 1294. Defendant contends that she and her husband chose to divide their property nonjudicially for the purpose of preventing a lawsuit (a judicial partition), and that the partition agreement which they entered into voluntarily constitutes a "transaction or compromise," as those terms are defined in Article 3071 of the Louisiana Civil Code, which provides:
Article 3071: "A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be reduced into writing."
Defendant argues that in entering into the partition agreement, she relied on LSA-C.C. arts. 3071 and 3078. Article 3078 reads as follows:
Article 3078: "Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected." (Emphasis added).
The substance of defendant's argument, therefore, is that the partition agreement *818 which was entered into by her and her husband constituted a "transaction or compromise" for the purpose of preventing a lawsuit, that the transaction has a force equal to the authority of things adjudged, and that the judgment of the trial court sustaining the exception of res judicata thus should be affirmed.
Plaintiff, Mr. Joy, contends that he is entitled to maintain this action to rescind the partition agreement under Articles 1397, 1398 and 1861 of the Louisiana Civil Code. Article 1398 provides:
Article 1398: "They (partitions) may even be rescinded, on account of lesion; and, as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth part of the true value of the property." (Emphasis added).
LSA-C.C. art. 1861 reads as follows:
Article 1861: "The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or (of) the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser." (Emphasis added).
We have decided that plaintiff is entitled to maintain this action to rescind the partition agreement under the provisions of LSA-C.C. arts. 1397, 1398, and 1861.
In Williamson v. Amilton, 13 La.Ann. 387 (La.1858), a divorced wife sued her former husband to rescind a partition of community property which had been entered into by them voluntarily, on grounds of lesion. The defendant resisted, as does the defendant in the instant suit, on the ground that the partition agreement was a "transaction or compromise," and that it thus could not be attacked on the score of lesion. Our Supreme Court held that plaintiff was entitled to maintain the action to rescind on grounds of lesion, primarily under Articles 1435 and 1436 of the Louisiana Civil Code of 1825, which was the code in effect at that time. Articles 1435 and 1436 of the 1825 Civil Code are almost identical to Articles 1397 and 1398 of our present Code. In so holding, the Supreme Court said:
"Here is an evident exception to the rule with regard to the finality of compromises. A partition, even when it takes upon itself the aspect and qualities of a compromise, may be attacked for lesion beyond one-fourth; but the partition once made, if disputes grow out of it, and the parties compromise on those disputes, this compromise is unassailable for lesion."
A slightly different issue was presented in Cole v. Cole, 357 So.2d 1264 (La.App. 2nd Cir., 1978), but we nevertheless find the decision rendered in that case to be persuasive here. In Cole, the plaintiff husband sought to annul a deed of the family home to his wife on grounds that she had failed to live up to her agreement which represented the consideration for that deed. The trial court rejected his demands for the annulment, based on a finding that there was an adequate consideration. Plaintiff then sued to annul the community property settlement because of lesion beyond moiety, and an exception of res judicata filed by his wife was sustained by the trial court. The Second Circuit Court of Appeal reversed and remanded, holding that the issues presented in the first suit were not the same as those presented in the action to annul the community settlement. In so holding, the Appellate Court cited as authority LSA-C.C. art. 1861; Williamson v. Amilton, supra; and Beatty v. Vining, 147 So.2d 37 (La.App. 2nd Cir., 1962). The court said in Cole that:
"In Williamson v. Amilton, 13 La.Ann. 387 (1858), the divorced wife sued her former husband to annul a community property settlement and partition on the ground of lesion. The court held that the settlement and partition was subject to being attacked for lesion (C.C. arts. 3078, 1398, 1402, 1403)."
*819 In Cortez v. Cortez, 376 So.2d 517 (La. App. 4th Cir., 1979), the husband sued his former wife to rescind a partition agreement relating to community property, on grounds of lesion. The issue presented on appeal was whether prescription of four years (under LSA-C.C. art. 1876) or of five years (under LSA-C.C. art. 1413) applied. We held that Article 1413, providing a prescriptive period of five years, applied largely because that article is included in a section of the Civil Code which deals exclusively with partitions, and with the rescission of partitions, whereas Article 1876 is included in a section of the Code which deals with conventional obligations and with lesion generally. We noted that the section of the Code which includes Article 1876 deals with all of the possible cases of lesion and not particularly with those which relate to partitions. In so holding, we said:
"In support of our conclusion we point out that Article 1413 is located in a chapter dealing exclusively with partitions and particularly Section 7of the Rescission of Partition. The section begins with Article 1397 which provides that partitions may be rescinded for radical vices, and Article 1398, on account of lesion. The next article, 1399, provides for the application of rescission in the cases of minors, interdicts and absentees. The section then discusses the various rights which may be involved and concludes with Articles 1413 and 1414, ... "
* * * * * *
"For the reasons above, we conclude that the intent of the Civil Code is to provide for the five year prescription of Article 1413 for suits for the rescission of partitions based on lesion."
Louisiana courts generally have upheld the right of a party to maintain an action to rescind a voluntary partition agreement on grounds of lesion. See Pelas v. Wooley, 297 So.2d 546 (La.App. 4th Cir., 1974); Thomas v. Thomas, 63 So.2d 468 (La.App. 4th Cir., 1953); Beatty v. Vining, supra; and Pitre v. Pitre, 162 So.2d 430 (La.App. 3rd Cir., 1964).
Although the basic issue presented in Cortez, supra, is different from that which is before us now, we observe here, as we did in that case, that LSA-C.C. arts. 1397 and 1398, which specifically authorize actions to rescind partitions, are included in a chapter of the Civil Code which deals exclusively with partitions, and with the "Rescission of Partition." Articles 3071 and 3078 of the Civil Code, being the articles relied on by defendant, are included under a separate title of the Code, entitled "Of Transaction or Compromise." If a conflict exists between the provisions of Articles 1397 and 1398, on the one hand, and Articles 3071 and 3078, on the other, then we believe that the framers of the Civil Code intended that the first listed articles should be applied in a case such as this, since the instant suit relates to a partition and to the rescission of a partition agreement on grounds of lesion.
When two or more people own property in indivision, any of them can institute a suit for partition. If we should hold that the partition agreement entered into by the parties to this suit constituted a "transaction or compromise" and that plaintiff is precluded from attacking the partition on grounds of lesion, then to be consistent with that ruling, we may be compelled to hold that every partition agreement, even though it does not relate to community property, must be regarded as a transaction or compromise, entered into for the purpose of preventing a partition suit, and as such is free from attack. Such a holding would render Articles 1397, 1398, and 1861 of the Civil Code of no effect.
We believe that Articles 1397, 1398, and 1861 of the Civil Code, insofar as they relate to the rescission of partitions, provide an exception to the general rule (set out in LSA-C.C. art. 3078) as to the finality or unassailability of transactions or compromises. A partition agreement, even though it may have the qualities of a transaction or compromise, may nevertheless be attacked for lesion beyond one-fourth, as provided in the first cited articles.
Our conclusion is that plaintiff is entitled to maintain an action to rescind the partition *820 agreement which was voluntarily entered into by him and his wife, and that the trial court erred in sustaining the exception of res judicata filed by defendant.
The judgment appealed from, which sustains the exception of res judicata, is hereby reversed, and the case is remanded to the trial court for further proceedings consistent herewith. The costs of this appeal are assessed to defendant-appellee.
REVERSED and REMANDED.