485 So.2d 114 (1986)
Aubrey Willard GATES, Plaintiff-Appellee,
v.
Gloria Dean Virginia Browning GATES, Defendant-Appellant.
No. 17552-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
*115 Bethard & Davis by J.Q. Davis, Coushatta, for plaintiff-appellee.
Herman L. Lawson, Mansfield, for defendant-appellant.
Before HALL, C.J., and FRED W. JONES, Jr., and LINDSAY, JJ.
HALL, Chief Judge.
This is an action to rescind on account of lesion a community property settlement agreement executed by the parties subsequent to their divorce. Plaintiff, Gloria Gates, appeals from the judgment of the trial court in favor of defendant, Aubrey Gates, sustaining defendant's peremptory exception of res judicata and dismissing plaintiff's action. For the following reasons, we reverse the judgment of the trial court.
The sole issue before this court on appeal is whether the community property settlement agreement constituted a transaction or compromise and thus bars an action for rescission on account of lesion.
The community property settlement agreement was executed by the parties on May 27, 1982 following a judgment of divorce rendered on the same date. The act, entitled Act of Partition and Community Property Settlement, was executed before two witnesses and a notary public. In the act, the parties conveyed to each other their respective interests in various items of community property, including household goods, vehicles, insurance and retirement proceeds. Besides the partition of these items, the agreement provided for the payment of a sum of cash to plaintiff, the assumption of the payments on two mortgages by the defendant and allocated the payment of separate and community debts. Further, each party waived the right to alimony.
The settlement agreement also contained the following provisions:
Each party acknowledged that he and she has received in the said partition of property, property equal in value to that conveyed herein in the agreement of each party being entered into in and for the consideration of settling the dispute existing between the parties hereto with reference to the partition and liquidation of said community property, and to avoid the uncertainty and expense of litigation with reference thereto.
As a result hereof, the parties hereto discharge each other from any further accounting to the community which formerly existed between them; it being fully liquidated, compromised and settled as above set forth. This instrument and agreement is executed in full and complete settlement of all claims either party hereto may have against the other, whether the community against the separate estate of either party or whether the separate estate of either party against the community or whether the separate estate of either party against the separate estate of either party. This instrument is a complete and final statement of all claims.
Plaintiff instituted this action for rescission of the agreement on October 12, 1983 alleging that the value of the portion received by the defendant was lesionary. In the alternative, plaintiff prayed for a judicial determination of the value of the community property at the time of the settlement agreement and a money judgment against defendant representing her fair share of such property. The defendant filed an exception of res judicata which was sustained by the trial court. Apparently, no evidence was taken in connection with the exception. The court found that the language of the agreement was clear and unambiguous and the intent of the parties in making the agreement was to settle the *116 community property. The court noted that in executing the agreement, the parties declared themselves satisfied and had waived any further accounting. The court held that the parties were bound by the agreement.
Transaction or compromise is defined by LSA-C.C. Art. 3071 in pertinent part as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
It is well-settled that a compromise may have a force equal to the authority of "things adjudged" and the exception of res judicata is a proper method of raising a compromise as a bar to a subsequent lawsuit. See LSA-C.C. Art. 3078; Elder Forest Products v. B & F Lumber and Sup., 458 So.2d 644 (La.App. 3d Cir.1984); Randall v. Jena Wire and Cable Co., 415 So.2d 564 (La.App. 3d Cir.1982); Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983), and Orgeron v. Loop, Inc., 433 So.2d 278 (La. App. 1st Cir.1983).
While the settlement agreement executed by the parties in the instant case may have some characteristics of a compromise, it is evident that the primary purpose of the document was to partition the community property. The record does not indicate that there was any dispute whatsoever between the parties as to the nature, character, or existence of the community property to be partitioned. On the face of the document, it constituted nothing more than a non-judicial partition between co-owners and the compromise language contained in the agreement is mere surplusage and does not alter the true nature of the act.
A similar situation was presented in Joy v. Joy, 379 So.2d 816 (La.App. 4th Cir. 1980), wherein a husband sought to rescind a partition agreement that he had entered into with his wife on the grounds of lesion. The wife argued that the partition agreement constituted a compromise and the trial court sustained the wife's exception of res judicata. On appeal, the court noted that when two or more people own property in indivision, any one of them may institute a suit for partition. The courts in Louisiana have generally upheld the right of party to rescind a voluntary partition agreement on grounds of lesion, which action is specifically authorized by LSA-C.C. Arts. 1397, 1398, and 1861.[1] The court found that if it should hold that the partition agreement entered into by the parties to the suit constituted a transaction or compromise and that the plaintiff was precluded from attacking the partition on grounds of lesion, then it may be compelled to hold that every partition agreement, even those not relating to community property, must be regarded as a transaction or compromise entered into for the purpose of preventing a partition suit, and as such free from attack. Such a holding, the court noted, would render LSA-C.C. Arts. 1397, 1398, and 1861 without effect. The court concluded that even though a partition may have the qualities of a transaction or compromise, it may nevertheless be attacked *117 for lesion. We concur with this holding. See also Williamson v. Amilton, 13 La. Ann. 387 (1858); Cole v. Cole, 357 So.2d 1264 (La.App. 2d Cir.1978), and McDaniel v. McDaniel, 441 So.2d 353 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1230 (La. 1984).
As noted earlier, LSA-C.C. Arts. 1397, 1398, and 1861 specifically authorize an action to rescind a partition agreement on grounds of lesion. As the record in this case does not indicate that the agreement at issue was anything other than a partition, the trial court erred in sustaining the defendant's exception of res judicata.
For these reasons, the judgment of the district court against plaintiff, Gloria Gates, sustaining the defendant's exception of res judicata and dismissing plaintiff's action is reversed, the exception is overruled, and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed to defendant, Aubrey Gates.
REVERSED AND REMANDED.
NOTES
[1] Art. 1397. Partitions made, even with persons of full age, may be rescinded, like other covenants, for radical vices, such as violence, fraud or error.

Art. 1398. They may even be rescinded, on account of lesion; and, as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth part of the true value of the property.
Art. 1861. The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser. (The subject matter of this article has been redesignated as LSA-C.C. Art. 1965, effective January 1, 1985.)