771 So.2d 688 (2000)
SUCCESSION OF Theresa Guillory TEZENO
v.
Dr. A.T. ORDINARIO, Jr., et al.
Succession of Theresa Guillory Tezeno
v.
State of Louisiana.
Nos. 00-828, 00-829.
Court of Appeal of Louisiana, Third Circuit.
July 12, 2000.
Kenneth Gerard Miller, Lafayette, LA, Counsel for Plaintiffs/Appellants.
Michael Keith Prudhomme, Woodley, Williams, Boudreau, Lake Charles, LA, Counsel for Defendant/Appellee.
John Gregory Bergstedt, Bergstedt Law Firm, Lake Charles, LA, Counsel for Defendants/Appellees.
(Court composed of NED E. DOUCET, Jr., HENRY L. YELVERTON, and ULYSSES G. THIBODEAUX, Judges).
YELVERTON, Judge.
Defendants-appellees move to dismiss the appeals filed on behalf of plaintiffs-appellants in these consolidated cases. For the reasons given below, we deny the motion.
Following a trial by jury of this medical malpractice action, the trial court signed a written judgment on September 29, 1999, absolving the defendants of any liability to the plaintiffs. The notice of judgment was sent on October 1, 1999.
The plaintiffs timely filed their Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial on October 11, 1999. The motion was originally set to be heard on November 19, 1999, but was later continued. However, on December 14, 1999, the plaintiffs filed a Motion to Dismiss Hearing on J.N.O.V. and New Trial. In this motion, the plaintiffs asked the trial court to set aside and dismiss their motion for JNOV or new trial. The trial court did not sign this motion to dismiss until February 2, 2000. On February 11, 2000, the plaintiffs filed their Motion and Order for Devolutive Appeal. The trial court signed the order of appeal on February 18.
After the records in these consolidated actions were lodged in this court, the defendants filed a joint motion to dismiss the appeals arguing that the appeals were untimely. It is the defendants' contention *689 that since the plaintiffs voluntarily dismissed their motion for JNOV or new trial, the court should view the motion as having never been filed.
Applying the principles set forth by the defendants to the facts presented herein, the delay for filing a motion for JNOV or new trial ran on October 12, 1999. La. Code Civ.P. art. 1974. If the defendants' proposition is correct, pursuant to La.Code Civ.P. art. 2087, the plaintiffs had sixty days from October 12 in which to perfect their devolutive appeal. This delay would have expired on December 13, 1999. Thus, the defendants posit that the plaintiffs' filing of their motion for appeal on February 11, 2000, was untimely.
The defendants cite no statutory nor jurisprudential authority directly addressing the legal premise that the plaintiffs' voluntary withdrawal of their post-judgment motion nullified the suspensive effects of this motion vis-a-vis the appeal delays in this suit. The defendants analogize this case, though, to the filing of an untimely motion for new trial which does not suspend the delays for seeking an appeal. We find this analogy unpersuasive.
In the instant case, the defendants admit that the motion for JNOV or, alternatively, for a new trial filed by the plaintiffs was timely. The pertinent portions of La. Code Civ.P. art. 2087 state:
Art.2087. Delay for taking devolutive appeal
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
* * *
C. When one or more parties file motions for new trial or for judgment notwithstanding the verdict, the delay periods specified herein shall commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
D. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
* * *
Thus, pursuant to the clear language of the above statute, a timely filed motion for new trial or JNOV will extend the time for filing an appeal. Moreover, until the trial court disposes of the post-judgment motion, any order for appeal is premature. See, Bowers v. Viator, 597 So.2d 1250 (La. App. 3 Cir.1992).
Applying the express language of Article 2087, the plaintiffs had sixty days from the trial court's acting on the motion for JNOV or for a new trial. The plaintiffs only filed a motion to have the post-judgment motion dismissed. The trial court did not act on this motion until February 2, 2000. Therefore, we find that the plaintiffs' appeals were perfected timely.
An analysis of the implications of the defendants' position on this issue provides additional support for this court's adoption of the trial court's ruling on the motion to dismiss as the triggering event for the appeal delays to begin in this instance. If this court were to adopt the defendants' position that the voluntary withdrawal of a post-judgment motion results in viewing the latter motion as never having been filed and never having interrupted the delays for seeking an appeal, a savvy party could prejudice the rights of other parties to seek an appeal. The party would only have to file a timely motion for JNOV or *690 new trial, allow enough time to pass for the appeal delays to run as if no post-judgment motion had been filed, and then voluntarily move to dismiss their post-judgment motion. Any appeal taken before the court had ruled on the post-judgment motion would be subject to dismissal as premature. However, once the delays had run, the party could withdraw the post-judgment motion voluntarily, thereby rendering any further motion to appeal subject to dismissal as untimely.
Accordingly, we find that the appeals in these cases are timely. The motion to dismiss the appeals is hereby denied at the defendants' cost.
MOTION DENIED.