*368 ATTORNEY DISCIPLINARY PROCEEDINGS.
I,PER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed by respondent, Stephen E. Caillouet, following the institution of formal charges by the. Office of Disciplinary Counsel (“ODC”). The ODC concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The underlying facts of this matter are set forth in detail in In re: Toups, 00-0634 (La.11/28/00), 773 So.2d 709. Essentially, respondent and Louis Toups are Assistant District Attorneys in Lafourche Parish. Both are also permitted to maintain private civil practices while holding their public positions. In 1997, respondent and Mr. Toups represented Todd and Ellen Or-doyne, respectively, in connection with a divorce and community property matter. During the pendency of the divorce proceedings, Mrs. Ordoyne caused a simple battery charge to be filed in Lafourche Parish against her husband. The charge was later continued without date by respondent and Mr. Toups. When Mrs. Or-doyne learned of this, she confronted the Lafourche Parish District Attorney, who subsequently ordered respondent and Mr. Toups to withdraw from the Ordoyne civil matter.
| Mrs. Ordoyne filed a complaint with the ODC on June 10, 1997. The ODC commenced an investigation, and on July 29, 1998, filed one count of formal charges against respondent and Mr. Toups jointly. As to respondent, the ODC alleged that his conduct in continuing the Ordoyne criminal case violated Rules 1.7 (conflict of interest) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.[1] Respondent answered the formal charges and denied any misconduct.
Before the matter proceeded to a formal hearing before a hearing committee, respondent tendered a petition for consent discipline in which he admitted to an “unintentional” violation of Rule 1.7. Respondent conceded that he had neglected to *369 recognize that the representation of his private client had the potential to conflict with the representation of his public client, the State of Louisiana. For his misconduct, respondent proposed that he be publicly reprimanded. The ODC concurred in the petition and acknowledged that respondent had acted without improper motive or intent. However, the disciplinary board deferred ruling on the proposed consent discipline pending the filing of the hearing committee’s recommendation with respect to the formal charges against Mr. Toups.[2]
After a hearing committee recommended that the charges against Mr. Toups be dismissed, respondent moved to withdraw his petition for consent discipline. Over the ODC’s objection, the disciplinary board permitted respondent to withdraw the petition. The ODC sought review of the ruling in this court. On October 27, 2000, this court permitted respondent to withdraw his petition for consent discipline and | ¡¡remanded the matter to the ODC for prosecution of the formal charges filed against respondent. In re: Caillouet, 00-0771, 00-0824 (La.10/27/00), 771 So.2d 688.
Meanwhile, the ODC had also sought review in this court of the recommendation that the formal charges against Mr. Toups be dismissed. On November 28, 2000, we rendered our opinion in Toups, in which we concluded that the disciplinary board erred in recommending the charges against Mr. Toups be dismissed. We specifically found that once criminal charges were filed, Mr. Toups had an obvious conflict of interest between his public and private clients and should have withdrawn from further representation. We imposed discipline upon Mr. Toups, publicly reprimanding him for his misconduct in the Ordoyne civfl matter, and suspending him from the practice of law for six months, fully deferred, subject to a two-year period of probation in connection with a second count, involving unrelated, but similar, misconduct.
DISCIPLINARY PROCEEDINGS
In light of our opinion in Toups, respondent filed a second petition for consent discipline. Acknowledging the court’s ruling in Toups, respondent conceded that his conduct in the Ordoyne civil matter constituted an impermissible conflict of interest. For his misconduct, respondent proposed that he be suspended from the practice of law for six months, fully deferred, subject to a six-month period of probation. The ODC concurred in respondent’s petition.

Disciplinary Board Recommendation

The disciplinary board found that respondent negligently violated a duty owed to his client. The board also pointed out respondent’s acknowledgment that he caused unintended harm and injury to Mrs. Ordoyne and the criminal justice system in LLafourche Parish. The board noted only one aggravating factor, namely substantial experience in the practice of law (admitted 1976), but found several mitigating factors, including the absence of a prior disciplinary record, a cooperative attitude toward the proceedings, remorse, and absence of a dishonest or selfish motive. Relying on the ABA’s Standards for Imposing Lawyer Sanctions,[3] the board *370 suggested that a reprimand is the baseline sanction for respondent’s negligent violation of Rule 1.7 of the Rules of Professional Conduct. After considering Toups, the board concluded that the proposed discipline is appropriate. In particular, the board noted that respondent’s conduct in the Ordoyne matter was very similar to Mr. Toups’ conduct in the Harris matter (the second count of the formal charges against Mr. Toups), for which this court declined to deviate downward from the baseline sanction of a suspension. Based on this reasoning, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a six-month period of probation.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
In our opinion in Toups, we explained that when a conflict exists between an attorney’s prosecutorial duties and his representation of a private client, the attorney has a duty to withdraw from representation of the private client:
After considering the important policy reasons behind avoiding conflicts of interest between a district attorney’s pros-ecutorial rule on behalf of the state and his duty to | ¿protect the interests of his civil clients, we find that, in order to comply with the Rules of Professional Conduct, a district attorney must immediately withdraw from the civil representation of a client when there is substantial reason to believe that charges of criminal conduct have been or will, be filed by or against the civil client. When criminal charges have been filed against a civil client, this rule applies even if the criminal charges are unrelated to the civil representation.
In re: Toups, 00-0634, p. 11 (La.11/28/00), 773 So.2d 709, 716.
Respondent did not withdraw from the civil representation when he learned of the filing of the criminal charges against Mr. Ordoyne.[4] Accordingly, discipline is appropriate.
In Toups, we held the baseline sanction for failing to withdraw under these facts was suspension.[5] In light of the mitigating factors present in Toups, we imposed a fully deferred six-month suspension for this conduct. Similar factors are present in the instant case. Accordingly, we will accept the petition for consent discipline and impose a six-month suspension, fully deferred.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Stephen E. Caillouet be suspended from the practice of law in Louisiana for a period of six months. Said suspension shall be deferred in full, subject to a six-month period of probation. All costs and expenses in the matter are assessed against respondent in accordance with *371 | fiSupreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. As to Mr. Toups, the formal charges alleged that he failed to report respondent's misconduct in the Ordoyne criminal case. In a second count of misconduct involving another civil client, Mr. Toups allegedly used his position as an assistant district attorney to continue a simple battery charge filed against the client by his former wife.

. The formal charges against Mr. Toups were severed after respondent filed his petition for consent discipline. The severed charges were then presented to a hearing committee as to Mr. Toups alone.

. Compare Standard 4.32, under which suspension is appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client, with Standard 4.33, which provides that a reprimand is appropriate when a *370 lawyer is negligent in determining whether the representation of a client will adversely affect another client, and causes injury or potential injury to a client.

. This is particularly true in light of the fact that respondent’s representation of Mr. Or-doyne in the civil matter was adverse to his representation of the state.

. We imposed a public reprimand in count I of Toups based on Mr. Toups’ failure to report a conflict of interest. However, we found the second count, which involved engaging in the conflict of interest, required greater discipline.