PER CURIAM.*
|! This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Tanzanika Qiann Ruffin, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
By way of background, Dwayne Anthony hired Philip Jenkins to paint a residence he occupied with his fiancée, Dandre James. Mr. Anthony and Ms. James paid for Mr. Jenkins’ services with a check in the amount of $375. The check was subsequently returned unpaid because it was drawn upon a closed account. Respondent, a lifelong friend of Mr. Jenkins, agreed to approach Mr. Anthony and ask him to make the check good or otherwise resolve the dispute. On October 15, 2004, respondent, while employed as an assistant district attorney in Orleans Parish, visited the Anthony residence and returned the dishonored check to Ms. James. During the visit, Ms. James advised that she would honor the check and gave respon *646 dent $200 towards the balance due. In response, respondent stated:
|2Girl, don’t you know that you shouldn’t be writing bad checks ... Well you know, I’m an assistant district attorney and you can’t be doing those kinds of things.
At the time, respondent conveyed her status as an assistant district attorney by wearing a badge on the outside of her suit and writing a cellular telephone number on the back of her business card.
On October 30, 2004, respondent returned to the Anthony residence. Mr. Anthony advised that he had owed no debt to Mr. Jenkins and, thus, would not honor the returned check. During the encounter, respondent engaged in a verbal altercation with Mr. Anthony and threatened him with arrest and prosecution if he failed to pay the balance due.
Thereafter, respondent self-reported her conduct to her employer and was subsequently terminated from her position in the Orleans Parish District Attorney’s Office. The Attorney General’s Office subsequently commenced an investigation into the matter. In March 2005, Assistant Attorney General Julie Cullen determined “that there is no evidence upon which to base a criminal charge” and closed the matter.
DISCIPLINARY PROCEEDINGS:
In 2009, the ODC filed one count of formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.7 (conflict of interest), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (threatening to present criminal or disciplinary charges solely to obtain an advantage in a civil ^matter). Respondent answered the formal charges but neither admitted nor denied the alleged misconduct.
This matter then proceeded to a formal hearing on the merits, at which respondent and the ODC introduced a joint stipulation of facts. In the stipulation, respondent admitted the facts as set forth above and agreed that she violated Rule 8.4 of the Rules of Professional Conduct. During the hearing, the parties stipulated that respondent’s conduct specifically violated Rules 8.4(a), 8.4(d), and 8.4(g). The parties also stipulated to the presence of several mitigating factors and agreed that no aggravating factors exist.

Hearing Committee Report

The hearing committee considered the evidence and testimony presented at the hearing and accepted the joint stipulation of facts as its factual findings. The committee further determined that respondent violated the Rules of Professional Conduct as stipulated to by the parties.
The committee found that respondent’s conduct violated a duty owed to the public, the legal system, and the legal profession. The committee noted that respondent did not appear to be aware that her conduct violated the Rules of Professional Conduct. Although respondent certainly knew she was recognizable as an assistant district attorney when she tried to collect the debt, her intent seemed to have been to resolve a dispute informally and keep the parties from getting embroiled in the legal system over a $375 issue. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee recognized that suspension is appropriate for conduct that is knowing while a public reprimand is appropriate for conduct that |4is negligent. *647 Nonetheless, the committee concluded that “even if her conduct was knowing, the Committee believes that a reprimand is the appropriate sanction.”
In mitigation, the committee found the absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, inexperience in the practice of law (admitted 2004), character or reputation, imposition of other penalties or sanctions, and remorse. The board determined that no aggravating factors are present.
In light of the numerous mitigating factors present, the committee recommended respondent be publicly reprimanded.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that the hearing committee’s factual findings are supported by the evidence adduced at the hearing and/or by the parties’ stipulations. The board also determined that the committee correctly applied the Rules of Professional Conduct.
The board found that respondent violated a duty owed to the public, the legal system, and the legal profession. With respect to respondent’s mental state, the board determined that “knowledge of committing misconduct was inherent in respondent’s actions.” While the record does not indicate that significant injury resulted from respondent’s misconduct, the potential for injury to Mr. Anthony was inherent. By identifying herself as an assistant district attorney, respondent implied she could act upon the threat. After considering the ABA’s Standards for Imposing Lawyer \ Sanctions, the board determined that the applicable baseline sanction in this matter is suspension.
The board agreed with the mitigating factors found by the committee. The board also determined the committee correctly found no aggravating factors present.
Turning to the issue of an appropriate sanction, the board cited In re: Caillouet, 01-2461 (La.11/9/01), 800 So.2d 367. In Caillouet, an attorney represented a husband in a divorce matter. When the wife filed criminal battery charges against the husband, the attorney used his position as an assistant district attorney to obtain a continuance in the criminal case. The court subsequently accepted a petition for consent discipline and imposed a fully deferred six-month suspension, subject to six months of probation.
In the board’s view, the element of coercion present in the instant matter calls for a more serious sanction than the six-month, fully deferred suspension in Cail-louet. Nevertheless, the board felt the suspension should be minimal in light of the mitigating circumstances. Based on this court’s prior jurisprudence involving similar misconduct, the facts of this case, and the numerous mitigating factors present, the board recommended that respondent be suspended from the practice of law for six months, with all but thirty days deferred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine *648 whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In the instant matter, the parties stipulated that respondent used her position as an assistant district attorney to threaten criminal prosecution and gain an advantage in a civil matter. The parties also stipulated that respondent violated Rules 8.4(a), 8.4(d), and 8.4(g) of the Rules of Professional Conduct. The record supports these stipulations.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to the public, the legal system, and the legal profession. By threatening Mr. Anthony with criminal prosecution, respondent has demeaned the profession and engaged in conduct prejudicial to the fair administration of justice. The baseline sanction for this type of misconduct is a period of suspension from the practice of law.
|7There is little prior jurisprudence to establish a range of appropriate sanctions. While we agree with the board that Cail-louet is instructive, the conduct at issue in that case concerned conduct involving the conflict of interest provisions of Rule 1.7, which is not at issue in the instant case. Nonetheless, Caillouet is instructive insofar as it addresses professional misconduct by assistant district attorneys in their dual roles as prosecutors and private civil attorneys. In Louisiana State Bar Ass’n v. Harrington, 585 So.2d 514 (La.1990) (on rehearing), we imposed a nine-month suspension from the practice of law for similar misconduct. Although Harrington also involved other significant misconduct, including making false statements to a court and engaging in improper ex parte communications with a judge, the case supports the conclusion that some period of suspension is warranted for threatening criminal charges to gain an advantage in civil proceedings.
In the instant case, respondent admits she threatened to present criminal charges against an individual solely to obtain an advantage in a civil matter. According to respondent, she threatened Mr. Anthony “with arrest and prosecution if he failed to pay the balance” of the dishonored check. Due to the coercive nature of her statement, we agree that a period of actual suspension is warranted. In light of the several mitigating factors present, we also agree that the majority of respondent’s suspension should be deferred.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for six months, with all but thirty days deferred.
DECREE
Upon review of the findings and recommendations of the hearing committee and *649 disciplinary board, and considering the record, it is ordered that Tanzanika Qiann IsRuffin, Louisiana Bar Roll number 28986, be and she hereby is suspended from the practice of law for six months, with all but thirty days deferred, subject to the condition that any additional misconduct by respondent within six months from the finality of this judgment may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.