729 So.2d 682 (1999)
Paul A. LAPEYROUSE
v.
Beryl H. LAPEYROUSE.
No. 98 CA 0271.
Court of Appeal of Louisiana, First Circuit.
February 19, 1999.
*683 Paul A. Lapeyrouse, Chauvin, Appellant, in pro per.
Alexander M. Crighton, III, Houma, for Defendant/Appellee, Beryl H. Lapeyrouse.
Before: CARTER, C.J., SHORTESS, and WHIPPLE, JJ.
CARTER, C.J.
This is an appeal by Mr. Lapeyrouse from a judgment of the trial court sustaining a peremptory exception raising the objection of no cause of action.

BACKGROUND
After many years of marriage, plaintiff, Mr. Lapeyrouse, and defendant, Ms. Lapeyrouse, engaged in a bitter and protracted divorce. A final judgment of divorce was rendered on May 17, 1991, and a judgment partially partitioning the community property was filed on January 8, 1992. Both parties sought a partition of the community property under LSA-R.S. 9:2801. On March 3, 1993, the court set deadlines for the exchange of sworn detailed descriptive lists and traversals, and a pre-trial conference was held on March 25, 1993. The trial to partition the community property was scheduled for May 28, 1993. However, prior to trial, the parties notified the court that the matter had been settled and both parties executed a partition of community property agreement. In addition to the agreement, a consent judgment was prepared and approved as to form and content both by plaintiffs attorney and defendant's attorney and was signed by the trial court on August 10, 1993. The consent judgment provided as follows, in pertinent part:
The Court considering the pleadings filed herein, the law and the evidence, and for the reasons this day orally assigned,
IT IS ORDERED, ADJUDGED AND DECREED that the attached Partition of Community Property Agreement Between PAUL A. LAPEYROUSE and BERYL HEBERT LAPEYROUSE, be and is hereby made a part of the Judgment.
The community property agreement was attached to the judgment and, by the terms of the judgment, made a part thereof. Subsequently, Mr. Lapeyrouse filed the present proceedings entitled "Petition for Rescission of Lesionary Partition of Community of Acquets and Gains." In response to Mr. Lapeyrouse's petition, Ms. Lapeyrouse filed peremptory exceptions raising the objections of res judicata and no cause of action. The trial court concluded that the partition at issue was a judicial partition, that an action for lesion would lie only against an extrajudicial partition and therefore upheld the peremptory exception raising the objection of no cause of action and dismissed plaintiffs suit. We agree that judicial partitions are not subject to an action for rescission based on lesion. Rescission based on lesion is available only for extrajudicial partitions. The trial court did not address the peremptory exception raising the objection of res judicata.

DISCUSSION
Mr. Lapeyrouse cites four cases which he contends support his position that this partition is subject to being rescinded on the grounds of lesion beyond moiety.[1] These cases provide that although a partition of community property may sometimes be in the nature of a compromise and is sometimes even referred to as a compromise, it is subject to rescission or partition for lesion under LSA-C.C. art. 814.[2]
*684 However, each of these cases cited by appellant can be distinguished from the instant case because in each of these cases there was no pending litigation and each of these cases pertain to extrajudicial partition. In the instant case, all issues were hotly disputed and litigation was progressing under the provisions of LSA-R.S. 9:2801.[3] In the instant case, a judgment of partial partition was rendered after trial. The remainder of the property was partitioned after the court ordered descriptive lists and traversals, conducted a pre-trial conference, and set a trial date. The actual partition was adopted and made a part of the judgment of the court. Once this was accomplished, the partition became a judicial partition not subject to being set aside by lesion under article 814 of the Louisiana Civil Code.
In Dornier v. Live Oak Arabians, Inc., 602 So.2d 743, 747-48 (La.App. 1st Cir.), writ denied, 608 So.2d 177 (La.1992), this court found that an agreement entered into by the parties for the explicit purpose of settling their community property partition suit was a transaction or compromise and could not be attacked on the basis of lesion beyond moiety. A transaction or compromise as defined by LSA-C.C. art. 3071 is "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which any one of them prefers to the hope of gaining, balanced by the danger of losing."
Like the instant case, Dornier presented a scenario where the settlement agreement partitioning the community property had been attached to and made part of the judgment which dismissed the suit. The partition agreement at issue before the court is also a compromise, entered into for the purpose of settling the partition suit. Accordingly, it cannot be attacked on the basis of lesion beyond moiety. An action for lesion simply does not lie against a judicial partition as opposed to an extrajudicial partition. We conclude the trial court was correct in sustaining the peremptory exception raising the objection of no cause of action.
Since the trial court properly sustained the peremptory exception raising the objection of no cause of action, it was unnecessary to rule on the peremptory exception raising the objection of res judicata. Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed at appellant's costs.
AFFIRMED.

APPENDIX A
LSA-R.S. 9:2801 provides as follows:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
(b) Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive *685 lists shall be permitted. No inventory shall be required.
(2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. For good cause shown, the court may extend the time period for a party to traverse or concur in the detailed descriptive list of the other party. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
(3) The court may appoint such experts pursuant to Articles 192 and 373 of the Louisiana Code of Civil Procedure as it deems proper to assist the court in the settlement of the community and partition of community property, including the classification of assets as community or separate, the appraisal of community assets, the settlement of the claims of the parties, and the allocation of assets and liabilities to the parties.
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
NOTES
[1] Harmon v. Harmon, 508 So.2d 616 (La.App. 2nd Cir.), writ denied, 513 So.2d 1210 (La.1987); Gates v. Gates, 485 So.2d 114 (La.App. 2nd Cir. 1986); McDaniel v. McDaniel, 441 So.2d 353 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1230 (La.1984); Joy v. Joy, 379 So.2d 816 (La. App. 4th Cir.1980).
[2] LSA-C.C. art. 814 provides:

An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.
[3] LSA-R.S. 9:2801 is attached hereto as Appendix A.