747 So.2d 767 (1999)
Lynn Musso JUNCA
v.
Harold J. JUNCA, Jr.
No. 98 CA 1723.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
Rehearing Denied March 22, 2000.
*768 Porteus R. Burke, Burke and Cestia, New Iberia, for Plaintiff-in-rule/Appellant Harold J. Junca, Jr.
Nancy Sue Gregorie, Edmund M. Brown, Caire, Gregorie & Whitehead, L.C., Baton Rouge, for Defendant-in-rule/Appellee Lynn Musso Junca.
Before: SHORTESS, PARRO, and KUHN, JJ.
PARRO, J.
From a judgment sustaining his ex-wife's peremptory exception raising the objection of res judicata in his action for damages and for reformation of a community property settlement, the ex-husband appeals. For the following reasons, we affirm the judgment of the trial court.

Facts and Procedural History
After many years of marriage, Harold J. Junca, Jr. (Harold) and Lynn Musso Junca (Lynn) were divorced by a judgment rendered on February 18, 1994. On March 17, 1994, Harold filed a petition seeking a judicial partition of the community property. His sworn detailed descriptive list was attached to this petition. On September 23, 1994, Lynn filed her sworn detailed descriptive list. The lists reflected a wide discrepancy between what each party believed to be community property and the net value of such property. On November 28, 1994, Harold filed a traversal of Lynn's list. The traversal contested 27 assets listed by Lynn either as to their classification, value, or both. Subsequently, he supplemented his list of assets and liabilities. On December 16, 1996, Lynn filed a motion to compel with respect to previously served discovery requests pertaining to the community property. Following a hearing on this matter on January 10, 1997, Harold was ordered to produce the requested documents. It appeared both parties were moving toward a partition of the community property under the procedures provided by Louisiana Revised Statutes 9:2801.
At a January 30, 1997 hearing on Lynn's rule to set permanent alimony, increase child support, assess rent, and receive housing expenses and on her motion for contempt, the parties entered various stipulations into the record to settle the entire case, including the community property issues. The trial court informed the parties that the stipulations would be the law of the case and encouraged them to voice any objections to the agreement. No objections were entered. On May 22, 1997, the court signed a consent judgment, prepared and approved as to form and content by the parties and by their counsel, which incorporated these stipulations. The consent judgment provided, in pertinent part:
The Court considering the pleadings filed herein and the consent of the parties hereto renders judgment as follows:
* * * * * *
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court adopts the community property settlement which is attached hereto as Exhibit "A" as a judgment of this Court and shall have all the effect as if it had been rendered by this Court.
The community property settlement was attached to the judgment and, by the terms of the judgment, made a part thereof. The agreement specifically recited that by the settlement, the parties intended to settle all their disputes and settle and release all causes of action arising during the existence of the community of acquets and gains.
On September 22, 1997, Lynn filed a rule for contempt for Harold's alleged failure to comply with the terms of the consent judgment regarding the payment of money, the execution of documents, and the purchase of insurance. Subsequently, Harold filed the present proceedings entitled "Petition for Damages and Reformation of Community Property Settlement." In his petition, Harold sought an award of damages on the ground of lesion. He *769 alleged there was an erroneous valuation of the community, in particular the stock of H & H Planting, Inc. (H & H), at the January 30, 1997 hearing and that he received less than 3/8ths of the value of the community as his share, giving rise to a claim for lesion and damages. Furthermore, he alleged that the H & H stock was his separate property and was mistakenly included in the community. He also alleged that a mistake occurred when he was not given credit for payments in the amount of $22,698.68 made from his separate property for the benefit of the former community home. Moreover, he sought reformation of the settlement agreement to have it properly reflect the transfer and ownership of all outstanding H & H stock.
In response to Harold's petition, Lynn filed a peremptory exception raising the objection of res judicata and a dilatory exception raising the objections of want of amicable demand and vagueness. She asserted that the settlement constituted a transaction or compromise under Louisiana Civil Code article 3071, and therefore was not subject to attack on the grounds of lesion.
After a hearing on this matter, the trial court ruled that the consent judgment was a transaction or compromise under Article 3071 and was not susceptible to an attack on the grounds of lesion. Accordingly, the trial court granted Lynn's exception raising the objection of res judicata, which mooted the remaining objections raised by Lynn, and dismissed Harold's petition for damages and reformation of the settlement agreement. Harold's subsequent motion for new trial on the issue of res judicata was denied by the trial court. Harold appeals, contending the trial court erred in granting the exception raising the objection of res judicata based on a finding that the settlement constituted a transaction or compromise.

Discussion
A contract may be annulled on grounds of lesion only in those cases provided by law. LSA-C.C. art. 1965. By 1990 La. Acts No. 991, § 1, the legislature enacted Louisiana Civil Code article 2369.1 concerning the applicability of the general provisions governing co-ownership contained in Articles 797 through 818 after termination of the community property regime. Article 2369.1 provides that after termination of the community property regime, the general provisions governing co-ownership apply to former community property unless otherwise provided by law or by juridical act.
By 1995 La. Acts No. 433, § 1, the legislature amended Article 2369.1, added a second paragraph to this article, and enacted Louisiana Civil Code articles 2369.2 through 2369.8. Section 3 of Act 433 made the act applicable to former community property that was co-owned by spouses or former spouses on or after January 1, 1996, regardless of when the community regime terminated. Generally, when the community terminates for a cause other than death or judgment of declaration of death of a spouse, such as by judgment of divorce or separation of property, Articles 2369.2 through 2369.8 apply to the former community property that is still co-owned by the spouses. LSA-C.C. art. 2369.1. The comments following Article 2369.1 make it clear that the general provisions governing co-ownership apply to former community property unless otherwise provided by law or juridical act. LSA-C.C. art. 2369.1, comments-1995 (a). Articles 2369.2 through 2369.8 are instances in which the law provides otherwise. Therefore when the community property regime terminates by declaration of the nullity of the marriage, judgment of divorce or separation of property, or matrimonial agreement that terminates the community, the provisions of those articles, rather than the general provisions governing co-ownership, would apply to former community property. See LSA-C.C. art. 2369.1, comments  1995(b); see also LSA-C.C. art. 2356.
Although the parties were divorced by judgment rendered on February 18, 1994, *770 and an action for judicial partition was filed on March 17, 1994, community property issues were not heard by the court until January 30, 1997. In May 1997, the parties signed a community property settlement which was incorporated into the May 22, 1997 consent judgment of the trial court that (among other things) partitioned the former community property. Accordingly, as of January 1, 1996, the former community property was still co-owned by Lynn and Harold, and the provisions of 1995 La. Acts No. 433, § 1, apply in this case. Because their community property regime was terminated by something other than the death of a spouse or declaration of death of a spouse, Articles 2369.2 through 2369.8 apply, rather than the general provisions governing co-ownership.
In particular, Article 2369.8, which was enacted pursuant to Act 433, governs the parties' right to partition former community property. A spouse has the right to demand partition of former community property at any time. If the spouses are unable to agree on the partition, either spouse may demand judicial partition, which shall be conducted in accordance with Louisiana Revised Statutes 9:2801. LSA-C.C. art. 2369.8. In other words, the spouses may partition former community property by contract or judicially, just as may ordinary co-owners. However, if the partition is done judicially, the special procedures of Louisiana Revised Statutes 9:2801 are applicable, rather than the general provisions governing co-ownership. LSA-C.C. art. 2369.8, comments -1995(b).
In this case, Harold sought a partition of the former community property pursuant to Louisiana Revised Statutes 9:2801; therefore, this matter was the subject of litigation. As with other issues raised in the proceedings between these parties, several issues concerning the partition were disputed. Although the partition claim had not proceeded to trial, the parties agreed to submit stipulations regarding the partition of the former community property to the court in conjunction with other incidental matters that were scheduled for hearing on January 30, 1997. Following the stipulations by the parties, the actual partition was adopted and made the judgment of the court. Once this was accomplished, the partition became a judicial partition not subject to being set aside on account of lesion under Louisiana Civil Code article 814.[1] Our conclusion on this point finds support in this court's decision in Lapeyrouse v. Lapeyrouse, 98-0271 (La.App. 1st Cir.2/19/99), 729 So.2d 682, where this court summarized the situation as follows:
[A]ll issues were hotly disputed and litigation was progressing under the provisions of LSA-R.S. 9:2801. In the instant case, a judgment of partial partition was rendered after trial. The remainder of the property was partitioned after the court ordered descriptive lists and traversals, conducted a pre-trial conference, and set a trial date. The actual partition was adopted and made a part of the judgment of the court. Once this was accomplished, the partition became a judicial partition not subject to being set aside by lesion under article 814 of the Louisiana Civil Code.
Lapeyrouse, 729 So.2d at 684 (footnotes omitted).
Furthermore, an agreement entered into by the parties for the explicit purpose of settling their community property partition suit is a transaction or compromise[2] and cannot be attacked on the *771 basis of lesion. Dornier v. Live Oak Arabians, Inc., 602 So.2d 743, 747-748 (La. App. 1st Cir.), writ denied, 608 So.2d 177 (La.1992). Like Dornier and Lapeyrouse, the settlement in this case was entered into for the purpose of settling the partition suit, as well as other matters in litigation, and was attached to and made the judgment of the court. Therefore, the partition settlement also constituted a compromise within the meaning of Article 3071, which cannot be attacked on the basis of any lesion and has a force equal to the authority of things adjudged. See LSA-C.C. art. 3078. The trial court correctly recognized the res judicata effect of the settlement.
Harold would have this court distinguish this case from the facts presented in Dornier and Lapeyrouse in light of the following language contained in the settlement:
[T]he parties acknowledge the existence of an action for lesion in partitions in the Louisiana Civil Code, and do hereby expressly waive and renounce the benefit of said action for lesion to the extent that such would allow the rescission of this agreement; further, should either party claim and prove such lesion, the aggrieved party is restricted to the recovery of damages from the other party in an amount necessary to make the partition equal, but such aggrieved party shall not in any event enjoy the right to rescind this agreement.
As a transaction or compromise, Harold asserts that any interpretation of the settlement must be under the general rules pertaining to contracts. We agree that a contract between two parties is the law between them. LSA-C.C. art. 1983. Courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. See LSA-C.C. arts. 2045 and 2046. The meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. See LSA-C.C. art. 2046.
By including the paragraph quoted previously, the parties simply acknowledged their understanding that certain rights may exist and attempted to restrict any such rights with respect to lesionary action by waiving and renouncing rescission of the settlement. The parties agreed their only remedy for such a claim would be monetary damages. Based on the language used by the parties, this court concludes that by using the phrase "should either party claim and prove such lesion" (emphasis added), the action contemplated by the parties is the type of action for lesion in partitions described in the Louisiana Civil Code. Although the parties may have thought such a cause or right of action existed and, therefore, sought to limit its effects, this presumption was incorrect. Because under the facts of this case, the Louisiana Civil Code does not afford Harold a right or cause of action for lesion, the paragraph in question is inapplicable to the facts of this case.

Decree
For the foregoing reasons, the judgment of the trial court sustaining Lynn Musso Junca's peremptory exception raising the objection of res judicata and dismissing Harold Junca, Jr.'s suit is affirmed. Costs of this appeal are assessed to Harold Junca, Jr.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 814 provides:

An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he should have received.
[2] A transaction or compromise is "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." LSA-C.C. art. 3071.