EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Teri Palermo Wurt-zel, plaintiff — appellant, from a judgment sustaining an exception of prescription of her nullity action to set aside a judgment of partition of community property. Because we find no manifest error in the findings of the trial judge that appellant had notice of the basis of her nullity action over one year before that action was brought, we must affirm the judgment as per La.Code Civ. Pro. Art.2004 B. Appellant alternatively styled her petition as one for rescission for lesion pursuant to La. Civ.Code Art 814. The trial judge correctly noted that this article only applies to “extrajudicial” partitions and not to partitions made in court judgments, but she did not rule on this issue in the judgment. Nonetheless, we note the failure of the petition to state a cause of action in lesion and dismiss that portion of the petition as well.
The procedural history of this litigation is as follows. The parties filed for divorce on June 5, 1995. At one time the community owned all of the stock in Litigation Reprographics and Support Services, Inc. However, in 1994 the corporation needed to raise cash and the community sold one-half of the stock to Sean Cummings. As a part of this sale a shareholders agreement was signed which |3provided that in the event of a divorce the stock would be evaluated as of the date of filing a divorce petition.
During the course of the litigation the parties agreed, by way of a consent judgment of May 15, 1996, to have the court appoint Melo Nix, CPA, to value the corporation as of June 5, 1995. Ms. Nix was in fact an expert originally selected by appellant. It was further agreed that the figure produced by Ms. Nix would be binding on the parties. In her report Ms. Nix stated that after having received the financial information on the corporation from Mike Kingsbury, its CPA, she fixed the community share of the business at $210,000.
Upon receipt of this valuation, appellant filed a petition to set aside the consent judgment of May 15,1996, which made Ms. Nix’s figure binding on the parties, as well as a petition to set aside the shareholders’ agreement concerning the June 5, 1995, valuation date. During further discovery on these issues, appellant was told by Sean Cummings that he would not sell his 50% share of the business for less than $800,000. She also employed Charles Theriot, CPA, to give an expert opinion on the value of the company, and he gave a figure of over $1,000,000 for the community’s share. On May 28, 1997, appellant amended her petition to allege the figure provided by Mr. Theriot.
Then on August 28, 1998, a hearing was held during which appellant agreed to the value fixed by Ms. Nix. A final division of community property was read into the record, and that settlement was reduced to a consent judgment which was signed by the parties and their attorneys, and was signed by the judge on December 1, 1997.
In June of 1998, the corporation was sold to a national company for a face amount of 4.3 million dollars, although ap-pellee testified the actual amount received for his 50% interest was closer to 1.2 million before taxes. Almost two years later, on April 28, 2000, appellant filed the present action for nullity and for | ¿lesion. Ap-pellee urged exceptions of no cause of action, res judicata, and prescription. After a trial on the prescription issue the exception was sustained. In her reasons for judgment the trial judge also noted that the action for rescission for lesion as provided for in La. Civ.Code Art. 814, is only available in “extrajudicial” partitions. Appellant now appeals.
*729 Pursuant to La.Code Civ. Pro. Art. 2004 B, an action for nullity must be brought within one year of discovery of the fraud or ill practice alleged in the petition. In construing this article this court has held that whenever there is notice enough to excite attention and put a person on guard and to suggest further inquiry, this is sufficient to start the running of the one year prescriptive period. Kambitsis v. Schwegmann Giant Supermarkets, Inc., 95-487 (La.App. 5th Cir.11/15/95), 665 So.2d 500, writ denied, 95-3016 (La.2/9/96), 667 So.2d 540.
In the present case the trial judge found as fact that appellant should have known of the potential problem in the Nix valuation which she alleges in her nullity petition as early as May 23, 1997. It was on that date that she amended her earlier petition to set aside the judgment authorizing the Nix evaluation to allege that her expert, Charles Theriot, had informed her that in his opinion the value of the community interest in the business was over $1,000,000. Other evidence showed that by that time she had also learned of Sean Cummings’ opinion that he would not sell his one-half interest for less that $800,000. These being factual determinations, we can not set them aside unless they are manifestly erroneous. Considering all of the evidence in this case it is clear that these findings are supported by a reasonable assessment of the evidence, and we therefore must affirm them. The consequence of these findings is that the nullity action was brought too late and has prescribed, and we affirm the judgment so ruling.
The second issue here concerns the action for lesion brought pursuant to La. Civ.Code Art. 814. That article provides that an “extrajudicial partition” may be 1..¡rescinded on account of lesion. The partition here is a judicial one, and thus this article is inapplicable. Lapeyrouse v. Lapeyrouse, 98-0271 (La.App. 1st Cir.1/19/99), 729 So.2d 682. The appellee urged an exception of no cause of action, but this exception was not ruled upon by the district court. Nonetheless, because the exception of no cause of action is one which may be noted by this court we hold that the appellant has failed to state a cause of action as to the lesion claim. Code Civ. Pro. Art. 927.
For the foregoing reasons the judgment sustaining the exception of prescription is affirmed. We further rule that appellant has failed to state a cause of action under La. Civ.Code Art. 814 and because that defect is not curable by amendment the petition asserting that remedy is hereby dismissed.

JUDGMENT SUSTAINING EXCEPTION OF PRESCRIPTION AFFIRMED, PETITION FOR LESION DISMISSED.