DOWNING, J.
| ¡>Nicole Bourg Sanders appeals a judgment in which the trial court dissolved a community property settlement on the bases that the settlement was an extrajudicial partition and was lesionary. For the *466 following reasons, we affirm the judgment of the trial court.
PERTINENT FACTS AND PROCEDURAL HISTORY
After nearly 20 years of marriage, Ms. Sanders filed a petition for divorce. Two days after filing the petition, the trial court signed a consent judgment ordering that Ms. Sanders and Mr. Sanders “are authorized to enter into the Community Property Settlement attached to the Petition for Divorce.” Ms. Sanders and Mr. Sanders then executed a document entitled “Community Property Settlement,” which' was filed into the record of these proceedings the next day.
Approximately seven months later, Mr. Sanders filed a petition to rescind the community property settlement pursuant to La. C.C. art 814. He alleged that the community property settlement should be set aside due to lesion in that the value he received was less by more than one fourth of the fair market value of the portion he should have received.
At the trial of the matter, the trial court found that the community property settlement was an extrajudicial partition, thus subject to rescission for lesion. It also found that the settlement was lesionary. Therefore, it ordered the dissolution of the partition.
Ms. Sanders now appeals, asserting two assignments of error:
1) the trial court erred in finding that the partition was extrajudicial;
2) the trial court erred in finding that the partition was lesionary.
^DISCUSSION

Jurisdiction

We first note the appellee, Mr. Sanders’, argument in brief that this appeal should be dismissed on the basis that the appeal was not timely filed since the appeal was filed 118 days after the notice of judgment was sent and since it was filed 76 days after the motion for new trial was dismissed. Our court’s jurisdiction depends on an appeal being timely filed. See Chamberlain ex rel. Wilmer J. v. Kennedy, 03-0488, pp. 6-7 (La.App. 1 Cir.12/31/03), 868 So.2d 753, 757-58. On review of the record, we conclude that the appeal has been timely filed and that we do have jurisdiction.
It is the duty of a- reviewing court to examine subject matter jurisdiction sua sponte. Whittenberg v. Whittenberg, 97-1424, pp. 2-3 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. “Whenever there is a serious issue regarding subject matter jurisdiction, a court (including an appellate court) should consider and rule on the issue at anytime, and the issue can even be raised by the court on its own motion.” Lowenburg v. Entergy New Orleans, Inc., 99-2894 p. 1 (La.12/17/99), 751 So.2d 868, 868 (Lemmon, J., concurring opinion).
Mr. Sanders argues that because the new trial motion was dismissed on Ms. Sanders’ motion rather than denied on the merits by the trial court, the appeal delays began from the date of the notice of judgment as if the motion for new trial had not been filed. La. C.C.P. art. 2087 provides in pertinent part that a devolutive appeal may be taken from within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
|4(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment *467 notwithstanding the verdict, as provided under Article 1914.
Our courts have interpreted this article to conclude that operative event to commence the appeal delays is trial court’s “acting on” the motion for new trial and not its specifically ruling on the merits of the motion. Succession of Tezeno v. Ordinario, 00-828, p. 5 (La.App. 3 Cir. 7/12/00), 771 So.2d 688, 689. Accordingly, the delay for taking a devolutive appeal could not have begun to run prior to the trial court dismissing Ms. Sanders’ motion for new trial.
Further, under La. C.C.P. art. 2087 A(2) it is the date of mailing the notice of the action on the new trial that specifically triggers the delay for filing the appeal. Here, the record contains no notice of the trial court’s action dismissing the motion for new trial. Only a minute entry informs us of the action. Since no notice has been sent, appeal delays have not yet begun to run. Even so, the appeal has been filed and granted, briefs have been filed, and the matter has been submitted to us for resolution.
Accordingly, we conclude that the appeal has been timely filed and that our jurisdiction has attached. We note Mr. Sanders’ reliance on La. C.C. art. 3463 and conclude that such reliance is misplaced. By the pertinent terms of Art. 3463, “Interruption [of prescription] is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.” This language clearly applies to actions filed in the trial court. Nothing in the construction of this language suggests that it applies to appeal motions filed within the action. Mr. Sanders cites no jurisprudence applying the provisions of this article to post-trial motions, nor can we find any.
| aExtrajudicial Partition
Ms. Sanders argues that since the trial court entered an order authorizing the parties to enter a community property settlement, the settlement itself became either part of a final judgment to which res judicata principles apply or a judicial partition, which is not subject to a claim for lesion. We disagree.
First, we note that Ms. Sanders here does not contend that the settlement is of itself a transaction and compromise. True transactions have res judicata effect. La. C.C. art. 3078. Ms. Sanders’ arguments, however, revolve around the effect of the trial court’s decree that stated that the parties “are authorized to enter into the Community Property Settlement attached to the Petition for Divorce.” Accordingly, we limit our discussion to the effects of this decree.
We observe that the community property settlement has not been made part of any judgment. The authorization to enter the settlement as set forth above did not specifically or by reference incorporate the terms of settlement. As the trial court explained:
But I want to make it clear, that [authorization] was not an approval of the community property settlement and that did not make the community property settlement a judgment of this Court. The court was authorizing them to enter into it for purposes of terminating the community property regime. The substance of the community property settlement was never approved by the court, and, as far as this court is concerned, was never a judgment of this Court.
Ms. Sanders cites no law or jurisprudence, nor do we know of any, by which a judgment’s authorization to do some *468 thing makes the authorized action the court’s decree. We specifically do not decide how or whether a court might accomplish this since this issue is not presented before us. However, since the community property settlement was not incorporated | finto or decreed by the judgment, the settlement cannot be a judgment to which res judicata principles apply.
Ms. Sanders next argues that the court’s authorization transformed the settlement into a judicial partition and, therefore, not subject to attack on account of lesion. But it takes more than judicial authorization or incorporation for a valid judicial partition. As the court explained in Junca v. Junco, 98-1723, p. 6 (La.App. 1 Cir. 12/28/99), 747 So.2d 767, 770, regarding judicial partition of community property, “if the partition is done judicially, the special procedures of Louisiana Revised Statutes 9:2801 are applicable.” In Junca, this court concluded that the community property settlement involved only became a judicial partition after suit was filed for partition pursuant to La. R.S. 9:2801, issues were disputed, stipulations were entered, and the partition was adopted and made a judgment of the court. Id. The court stated, “Once this was accomplished, the partition became a judicial partition not subject to being set aside on account of lesion under Louisiana Civil Code article 814.” See also Lapeyrouse v. Lapeyrouse, 98-0271, p. 3 (La.App. 1 Cir. 2/19/99), 729 So.2d 682, 684.
Here, the record fails to demonstrate that Ms. Sanders sought or pursued a judicial partition of the community property pursuant to La. R.S. 9:2801. Accordingly, the community property settlement cannot be a judicial partition of community property. See Junca, 98-1723 at p. 6, 747 So.2d at 770. Accordingly, we conclude mere reference in a judgment does not convert an extrajudicial partition into a judicial one that would not be subject to being set aside on account of lesion.
This assignment of error is without merit. The trial court did not err in determining that the community property settlement at issue was an extrajudicial partition subject to recission on account of lesion.

17Lesion

Ms. Sanders argues that the evidence presented at trial was insufficient to support a judgment dissolving the community property partition between them. We disagree.
The trial court identified Mr. Sanders’ $80,000.00 personal injury settlement as the main item in dispute. Ms. Sanders argues that Mr. Sanders had the burden of proving this item was not community property. The trial court, however, found that the law placed that burden on her and found by clear and convincing evidence that this asset was Mr. Sanders’ separate property. The trial court did not commit error in so ruling.
Louisiana Civil Code article 2344 provides specifically that “[djamages due to personal injuries sustained during the existence of the community by a spouse are separate property.” Here, the community property settlement identifies the $80,000.00 at issue as the remainder of settlement proceeds from a “personal injury claim” in the amount of approximately $80,000.00. Mr. Sanders’ testimony supported this characterization of the funds.
Ms. Sanders points to the further provisions of La. C.C. art. 2344 providing that “the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property.” However, there is no evidence in the record regarding what portion, if any, of the damages were attribut-
*469 able to expenses incurred by the community-
Accordingly, we conclude the trial court did not err in finding that the $80,000.00 at issue was attributable to Mr. Sanders’ personal injury, and, thus, his separate property pursuant to La. C.C. art. 2344.
IsAfter deducting the $80,000.00 from the community property settlement because it was Mr. Sanders’ separate property, the trial court found that he received at most $28,000.00, which represented the $18,000.00 purchase price of his 2003 Ford Ranger truck and $10,000.00 in a retirement account. It further found that Ms. Sanders received the house worth at least $99,000.00 based on its purchase price five months before the divorce suit was filed, She also received other items including her car, furniture, a washer and dryer, and a swing set.
The trial court concluded that, “It’s clear that when you add those values together [$28,000 (the maximum value received by Mr. Sanders) and $99,000 (‘the value of the house alone’) ], divided by two, that Mr. Sanders didn’t come anywhere near 75 percent of the one half of what are apparently community assets in this case.” This calculation is represented as follows:
$127,000.00 (value of community) ⅛2
63,500.00 (one-half value of community) x .75
$ 47,625.00 (minimum amount Mr. Sanders should have received)
Accordingly, we cannot conclude the trial court erred in finding by clear and convincing evidence that the partition was le-sionary and ordering its dissolution.
We acknowledge Ms. Sanders’ argument that no evidence specifically establishes the community status of the home she received in the community property settlement. However, under La. C.C. art. 2340,[1] the home is presumed to be community even though it was purchased with proceeds of Mr. Sanders’ personal injury settlement. “The party asserting the separate nature of the property acquired during the marriage has the burden of overcoming a strong presumption in favor of the community.” Tullier v. Tullier, 464 So.2d 278, 283 (La.1986). Ms. Sanders does not argue and has presented no evidence that the home is her separate property; therefore, we fail to see how this argument supports or advances her position.
This assignment of error is without merit.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Nicole Bourg Sanders.
AFFIRMED.

. This article provides as follows: "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.”