McClendon, j.
 

 12An ex-wife appeals a judgment sustaining her former husband’s exception raising the objection of res judicata in her action for a supplemental partition of community property. For the folio-wing reasons, we affirm the trial court’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 Dr. William Lyle Terral and Donna M. Terral were married on September 11, 1982. Mrs. Terral filed a petition for divorce on October 10, 2000, and therein sought a partition of the community prop
 
 *504
 
 erty pursuant to LSA-R.S. 9:2801. On September 6, 2001, the trial court signed a judgment of divorce, thereby terminating the community retroactive to the date of filing.
 

 During the marriage, the Terrals acquired five limited partnership interests in Wilkinson Kaolin Associates (WKA). On March 18, 2002, Dr. Terral, relying upon information from J. Barry Sellers, a general partner of WKA, sold all five shares to Sellers for a total of $70,000 (or $14,000 per share).
 
 [1]
 

 On July 8, 2002, the parties entered into a “Consent Judgment Partitioning Community Property.”
 
 [2]
 
 The consent judgment provided, in pertinent part,
 

 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties have sold them 4.95% interest in Wilkinson Kaolin Associates for $70,000, with the agreement that these proceeds would be used to pay toward the outstanding joint income tax liabilities, federal and state for the year 2000, and late payment penalties and interest. William L. Terral is to provide Donna M. Terral with written support of these tax payments within fourteen (14) days of May 23, 2002.
 

 ⅜ * *
 

 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED and the parties having acknowledged that, after taking into consideration their respective assumption of all community debts, and the equal division of all community assets, the amounts allotted to each are approximately equal in value, and they do hereby relieve and release each other from further accountings, expressly stating that both are satisfied with this partition and with reimbursement to their respective estates. All claims ^regarding community property and reimbursements of any kinds or nature are hereby settled and compromised. [Emphasis added.]
 

 The Consent Judgment also incorporated
 
 in extenso
 
 a Joint Detailed Descriptive List “including the values of the property agreed to by the parties, as well as to which party the asset would be partitioned.” With regard to the interest in WKA, the Joint Detailed Descriptive List provided:
 

 Item In DMT WLT Partition No._Description_Poss. Of Value Value S/T
 
 [3]
 
 To
 

 14. 4.95% interest in Wilkinson WLT $70,000 $70,000 SM) WLT [Kaolin] Associates, Ltd.
 

 Footnote 4 on the Joint Detailed Descriptive List recognized that the “community interest in Wilkinson [Kaolin] & Associates was sold to the general partners for $70,000 with the agreement that the proceeds from the sale would be used to pay the outstanding joint income tax liabilities for the year 2000.” In connection therewith, the parties’ joint 2000 federal and state income tax liabilities were listed in items 52 and 53 and the parties stipulated that those taxes were also “partitioned[ed] to” Dr. Terral.
 

 On February 28, 2008, Mrs. Terral filed a “Petition for Supplemental Partition of
 
 *505
 
 Community Property.” Therein, Mrs. Terral alleges that, unbeknownst to her, on February 28, 2007, Dr. Terral filed a complaint against J. Barry Sellers and Sellers Management Services, LLC, for damages related to their misrepresentation of the value of the WKA interest.
 
 [4]
 
 Mrs. Terral further alleged, based on information and belief, that the suit was settled on September 27, 2007, with Dr. Terral receiving additional proceeds from the sale of the WKA interest. Mrs. Terral alleged that the WKA interest remained an “unpartitioned asset of the community of acquets and gains formerly existing between the ^parties.” Mrs. Terrel sought a judgment “decreeing a supplemental partition partitioning the unpartitioned community property.”
 
 [5]
 

 On April 29, 2008, Dr. Terral filed a “Peremptory Exception of Res Judicata,” asserting that the WKA interest had previously been partitioned to him in the prior Consent Judgment and therefore was his separate property. Mrs. Terral opposed the motion, contending that the parties’ interest in WKA had not been partitioned in the Consent Judgment. Following a hearing, the trial court took the matter under advisement and subsequently granted Dr. Terral’s exception, finding that the interest in WKA had been partitioned to Dr. Terral in the Consent Judgment.
 

 Mrs. Terral has filed this appeal to seek review of the trial court’s ruling. In her sole assignment of error, she asserts that the trial court committed legal error in granting Dr. Terral’s exception raising the objection of res judicata.
 

 DISCUSSION
 

 Louisiana Revised Statutes 13:4231 provides the general principles regarding res judicata, as follows:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 | .^Additionally, the exceptions to res judica-ta are found in LSA-R.S. 13:4232, which states, in pertinent part, that “in an action for partition of community property and settlement of claims between spouses un-
 

 
 *506
 
 der R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.” The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata.
 
 Patin v. Patin,
 
 00-0969, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 673, 676.
 

 Mrs. Terral asserts that the community interest in WKA has never been partitioned. She notes that the community interest in WKA had already been sold at the time the consent judgment had been entered, and the sale proceeds were used to pay the parties’ joint income tax liability. As such, she opines that the former community no longer owned an interest in WKA at the time of the partition, but rather the former community owned the proceeds from the sale of that interest. Mrs. Terral contends that the rights flowing from the former community interest in WKA was not partitioned to Dr. Terral and that any recovery in the undisclosed settlement belonged to the community of acquets and gains formerly existing between the parties.
 

 Despite Mrs. Terral’s position that the interest in WKA had never been partitioned, item 14 in the parties’ Joint Detailed Descriptive List clearly assigned the parties’ “4.95% interest in Wilkinson Kaoi-lin Associates, Ltd.” to Dr. Terral. An agreement entered into by the parties for the explicit purpose of settling their community property partition suit is a transaction or compromise.
 
 See
 
 LSA-C.C. art. 3071 and
 
 Junca v. Junca,
 
 98-1723, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 767, 771.
 
 [6]
 

 It is of no moment that the community’s interest in WKA had been liquidated prior to the parties’ submission of the Joint Detailed Descriptive List. Even assuming that a distinction could be made between the proceeds of the community’s sale of its interest in WKA and the rights flowing from the former |6community interest in WKA, the plain wording of item 14 nonetheless awarded the entirety of the community’s interest in WKA to Dr. Terral.
 
 See
 
 LSA-C.C. arts. 2045 and 2046.
 
 [7]
 

 Moreover, footnote 4 does not modify the clear wording of item 14, but it dictates that Dr. Terral was required to use the proceeds from the sale of the asset to pay the outstanding joint income tax liabilities for the year 2000. As the trial court recognized, if the parties had intended to remove item 14 from Dr. Terral’s list of partitioned assets, either could have done so by removing the “S” (stipulated) by the WKA interest in item 14 when footnote 4 was added to the document. Accordingly, the trial court properly recognized the res judicata effect of the settlement.
 
 [8]
 

 DECREE
 

 For the foregoing reasons, the trial court’s judgment sustaining Dr. Terral’s
 
 *507
 
 peremptory exception raising the objection of res judicata and dismissing Mrs. Ter-ral’s suit is affirmed. Costs of this appeal are assessed to Donna M. Terral.
 

 AFFIRMED.
 

 [1]
 

 . It is uncontested that Mrs. Terral posed no objection to this sale.
 

 [2]
 

 . The consent judgment was signed by the trial court on July 9, 2002.
 

 [3]
 

 .The Joint Detailed Descriptive List provides that "S=Stipulated” and "T=Traversed.”
 

 [4]
 

 . The suit,
 
 William L. Terral v. Barry Sellers, et. al.,
 
 bearing number 507-cv-00073-CAR was on the docket of the United States District Court for the Middle District of Georgia.
 

 [5]
 

 . Mrs. Terra! also sought a temporary restraining order, as well as a preliminary and permanent injunction, to enjoin Dr. Terral of disposing or encumbering the alleged funds received in settlement. Although the trial court initially granted a temporary restraining order, the court later dissolved the temporary restraining order and denied Mrs. Terral’s request for a preliminary injunction, Mrs. Ter-ral sought review of the trial court’s ruling, but both this court and the Louisiana Supreme Court denied writs.
 
 See Terral v. Terral,
 
 08-0781 (La.App. 1 Cir. 7/8/08)(Unpub-lished writ action),
 
 writ denied,
 
 08-1903 (La. 10/31/08), 994 So.2d 542.
 

 [6]
 

 . We do not address the issue of lesion insofar as it has not been raised by either party. Further, it appears from the record that the claim of lesion may be prescribed.
 

 [7]
 

 . Louisiana Civil Code article 2045 provides: Interpretation of a contract is the determination of the common intent of the parties.
 

 Louisiana Civil Code article 2046 provides:
 

 When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.
 

 [8]
 

 .An alternative argument could be made that the cause of action against Sellers for fraud was a separate cause of action that arose at the time of the sale. However, based on the retroactive termination date of the community, at the time that said sale occurred, the parties were co-owners of the property in indivisión.
 
 See
 
 LSA-C.C. 2369.1. Thus, both Dr. Terral and Mrs. Terral would have each had a personal right to pursue the cause of action. However, under this analysis, the result herein would remain the same.